UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICHARD HALE THOMPSON,

        Plaintiff,           6:12-cv-01461-TC

        v.                     ORDER

JEFF PREMO, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a pro se complaint pursuant to 42 U.S.C. § 1983 alleging that defendant violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs. Plaintiff further alleges that defendants retaliated against him for filing grievances against medical staff.

    Defendants now move for summary judgment on the following

1 - ORDER

grounds:

> (1) claims are barred by the statute of limitation; (2) claims brought under 42 U.S.C. § 1983 must be based on an individual's personal involvement in depriving a constitutional right and cannot succeed under a *respondeat superior* theory; (3) Plaintiff's claims against defendants in their official capacity are barred by the Eleventh Amendment; (4) Defendants did not violate Plaintiff's Eighth Amendment rights; (5) Defendants did not violate Plaintiff's Fourteenth Amendment rights depriving him access to the courts; (6) Plaintiff's First Amendment retaliation claim is not valid and should be dismissed as a matter of law; and (7) Defendants are shielded from liability by the doctrine of qualified immunity."

Defendants' Motion for Summary Judgment (#66), p. 2.

The relevant facts are as follows. At all times relevant to his complaint, plaintiff was an inmate at EOCI, OSP, and OSP. Since September 200, plaintiff has had a series of health ailments which allegedly cause "debilitating, often intractable pain." Complaint (#3) p. 10. He has been under the care of a neurologist, an orthopedic surgeon, a neurosurgeon, a primary care physician and nurse practitioners all whom have allegedly determined that plaintiff suffers from conditions that require "effective and aggressive pain management." *Id.*, p. 10-11. Plaintiff has been provided with numerous medications but plaintiff alleges those medications do not treat his underlying conditions. Plaintiff has consistently requested further diagnostic testing and surgery.

As noted above, plaintiff alleges that defendants have

2 - ORDER

violated his rights under the Eighth Amendment by failing to provide him with adequate medical care and have retaliated against him for filing inmate grievances in violation of the First and Fourteenth Amendments.

<u>Statute of limitations:</u> Defendants argue that plaintiff's claims are barred by the 2 year statute of limitations applicable to actions under 42 U.S.C. § 1983 because plaintiff alleges that he has suffered from health ailments "since 2000." Defendants argue that plaintiff's claims therefore accrued in 2000.

Defendants argument is correct to the extent a 2 year statute of limitations applies to plaintiff's claims. Plaintiff filed his complaint on August 9, 2012. Thus any alleged conduct or incident that occurred prior to August 9, 2010, would be time barred. However, plaintiff has specifically alleged he was denied adequate treatment on November 16, 2010 [Complaint (33) p. 13], and after his surgery on December 5, 2011. Plaintiff further alleges that his requests for "more comprehensive pain management" were denied "[t]hroughout 2011." *Id*. p. 14. Plaintiff alleges he filed grievances on July 5, 2010, May 22, 2011, and December 19, 2011, and his transfer to OSP on December 2, 2010 was in retaliation for filing those grievances.

Thus, although any incident or conduct prior to August

3 - ORDER

9, 2010, would be time barred, plaintiff has alleged actionable conduct within the limitations period.

*Respondeat superior*: Plaintiff apparently seeks to hold defendants Premo, Gower, and Courtney liable under a theory of *respondeat superior.*

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbab, 129 S.Ct. 1937 (2009).

A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the

4 - ORDER

practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992).

Plaintiff has not alleged any facts that would establish defendants Premo, Gower or Coursey personally participated in the alleged conduct he complains of or any facts that would subject these defendants to liability.

Eleventh Amendment: Plaintiff seeks to hold defendants liable "in their individual and official capacities." Complaint (#3) p. 8.

A state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The

5 - ORDER

Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999). Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Ford Mtor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Thus, to the extent that plaintiff seeks to hold defendants liable in their official capacities, plaintiff's

claims are barred by the Eleventh Amendment.

<u>Eighth Amendment violation:</u> Plaintiff alleges that defendants violated his Eighth Amendment rights by denying him him adequate medical care for his various medical conditions. The crux of the claim is that defendants allegedly failed to provide him with effective medication or otherwise manage his pain.

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." <u>Estell v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, <u>Clements v. Gomez</u>, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) the seriousness of the prisoner's medical needs, and 2.) the nature of the defendants response. <u>See</u>, <u>McGuckin v. Smith</u>, 794 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997)).

Whether a medical condition is serious is ordinarily a question left to physicians, <u>Brownell v. Figel</u>, 950 F.2d 1285, 1291 (7th Cir. 1991) <u>Davis v. Jones</u>, 936 F.2d 971, 992 (7th Cir. 1991), but in general a medical condition is serious if

7 - ORDER

it is life threatening or poses a risk of needless pain or lingering disability if not treated at once. Id., 936 F.2d at 972; see also, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, supra at 1060. Medical malpractice, even gross malpractice, does not amount to a violation of the Eighth Amendment. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); McKinney v. People of the State of California, 427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases collected in the Annotation, Relief Under Federal Civil Rights Act to State Prisoner Complaining of Denial of Medical Care, 28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners receive some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment." Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d

8 - ORDER

468, 474 (1st Cir. 1985); <u>Sanchez v Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>see also</u>, <u>Snipes v. DeTella</u>, 95 F.3d 586, 592 (7th Cir. 1996) ("Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations.").

Defendants have submitted the Declaration of Steve Shelton, M.D., Medical Director of the Oregon Department of Corrections. Attached to Dr. Shelton's declaration are 706 pages of medical records covering the time period from August 3, 1992 through the present. The sheer volume of these records speaks to the fact that defendants have not ignored or been deliberately indifferent to plaintiff's serious medical needs. The records indicate that plaintiff has been frequently examined, evaluated and treated for complaints of back pain, sciatic nerve pain, foot pain, and carpal tunnel issues. The diagnostic evaluations and treatments have included x-rays, MRI's, Neurosurgeon appointments and consults, neurologist appointments and consults, Orthopedic surgeon consults, epidural steroid injections and multiple trials of chronic-pain medication.

In summary, the record reflects that defendants responded to plaintiff's pain complaints and regularly provided him with appropriate treatment for his ailments and pain management

9 - ORDER

treatment and medication. Although plaintiff may disagree with the medical judgment concerning the need for different treatment or medication, his opinion is insufficient to establish a claim under the Eighth Amendment. <u>Miranda v. Munoz</u>, <u>supra</u>; <u>see also</u>, <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981)(a difference of opinion between an inmate and medical authorities does not give rise to a § 1983 claim).

I find that there are no genuine issues of material fact remaining as to plaintiff's Eighth Amendment claim and that defendants are entitled to judgment as a matter of law.

<u>Access to the courts:</u> Plaintiff makes a conclusory allegation about being deprived of access to the courts.

A constitutional claim for denial of access to the courts requires that the plaintiff to allege facts that demonstrate his access to the courts was so limited as to be unreasonable, and that the inadequate access caused him actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 351-52 (1996). Actual injury can be shown when an inmate can "demonstrate that a non-frivolous legal claim has been frustrated or was being impeded. *Id*. at 353; *see also,* <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994)(to establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts).

10 - ORDER

Plaintiff's general claim that he was denied access to the courts is unsupported by any allegation that he was denied a reasonable opportunity to litigate a non-frivolous legal claim or a specific instance in which he was actually denied access to the courts.

Retaliation: Plaintiff alleges that his transfer to OSP on December 2, 2010 was in retaliation for him filing grievances and a discrimination complaint. Complaint (#3) p. 15. He alleges that the transfer was motivated by a intent to deny access to the courts and place him in a dangerous enviroment. *Id.*, p 16.

A properly pleaded complaint which alleges retaliation for the exercise of a constitutional right states a cause of action under 42 U.S.C. § 1983. Mt. Healthy City Bd. Of Ed. V. Doyle, 429 U.S. 274 (1977); McDonald v. Hall, 610 F.2d 16 (1st. Cir. 1979); Bruise v. Hudkins, 584 F.2d 223 (7th Cir. 1978). The claim must include an allegation that the plaintiff engaged in conduct that is constitutionally protected and that the conduct was a substantial or motivating factor for the defendant's action. Mt. Healy, id., at p. 287.

"A prisoner suing state prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological

11 - ORDER

goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994); Rizzo v. Dawson, 788 F.2d 527, 531 (9th Cir. 1985). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct about which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Courts should "afford appropriate deference and flexibility to prison officials in the evaluation of proffered penological reasons for conduct alleged to be retaliatory. Id., at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).

The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

In this case, plaintiff retaliation claim is totally speculative. He alleges that because he had filed grievances and a discrimination complaint "[a] strong inference can be drawn that the timing of the transfer" was motivated by these actions.

However, plaintiff has not explained how such a transfer impeded his access to the courts and as noted above his denial of access to the courts claims fails as a matter of law. Nor has plaintiff met his burden of pleading and proving

12 - ORDER

the absence of a legitimate penological reason for the transfer. <u>Pratt v. Rowland</u>, *supra.*

<u>Qualified Immunity</u>:The United States Supreme Court has held:

> "An official is entitled to summary judgment on the ground of qualified immunity where his or her conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Until recently courts considering an official claim of qualified immunity followed the two-step protocol established in *Saucier v. Katz*, 533 U.S. 194 (2001), which required us first to determine whether the defendant violated a constitutional right and then to determine whether that right was clearly established. *See*, *Pearson v. Callahan*, 555 U.S. ___, 129 S.Ct. 808, 818 (2009) (overturning *Saucier* in part). In *Pearson v. Callahan*, the Supreme Court reversed this earlier rule and gave courts discretion to grant qualified immunity on the basis of the "clearly established" prong alone, without deciding in the first instance whether any right had been violated. *Id*. Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at issue was [not] clearly established at the time of the defendant's alleged conduct.' *Id.* At 816, 818 (internal citations omitted)."

<u>James v. Rowlands</u>, 606 F.3d 646 (9th Cir. 2010).

As discussed above, defendants did not violate plaintiff's constitutional rights by denying him adequate medical care or by retaliating against him for filing grievances or by denying him access to the courts.

Plaintiff's Eighth Amendment claim is the only claim that is supported by any specific allegation of facts. Even if those alleged facts could be construed as establishing a

13 - ORDER

violation of plaintiff's constitutional right to medical care, I find that plaintiff has failed to establish that it would be clear to a reasonable doctor or medical provider that their professional opinion and chosen course of treatment might be illegal or violate a patients constitutional rights. Moreover, no reasonable correctional officer or prison official would have thought it unlawful to follow the treatment prescribed by plaintiff's treating physicians.  *See*, <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining ehether a right is clearly established is whether it would be clear to to a reasonable officer that his conduct was unlawful in the situation he confronted.").  Therefore any such right was not "clearly established" and defendants are entitled to qualified immunity.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#66) is allowed.  The Clerk of the Court is directed to enter a judgment dismissing this action with prejudice.

/////

/////

/////

/////

14 - ORDER

*Any appeal form an order adopting this Order or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 17 day of March, 2014.

_____
Thomas M. Coffin
United States Magistrate Judge

15 - ORDER